## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

No. 5:07-CV-456-BO

| | |
|---|---|
| TIMOTHY CRABTREE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   O R D E R |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter is before the Court on the parties' cross motions for Judgment on the

Pleadings pursuant to FED. R. CIV. P. 12(c). Plaintiff argues that the Administrative Law Judge

("ALJ") erred in failing to declare Plaintiff's mental and left knee conditions severe, in failing to

analyze Listing 12.02, in not fully crediting Plaintiff's allegations of pain, and in concluding that

a sufficient number of jobs existed in significant numbers in the economy for Plaintiff.

Defendant argues that the ALJ's decision is supported by substantial evidence. For the reasons

stated below, Defendant's motion is GRANTED, the ALJ's decision is AFFIRMED, and

Plaintiff's motion is MOOT.


## I.    SUMMARY OF THE INSTANT DISPUTE

Plaintiff filed an application for Disability Insurance Benefits on October 25, 2001, and a

claim for Supplemental Security Income on July 2, 2001. (Transcript, hereinafter "T," pp. 307-

09, 685-88). Plaintiff's claims were denied both initially and upon reconsideration. (T pp. 178-

85, 214-18, 689-90). Plaintiff requested a hearing, which was held before an ALJ on November

17, 2004. (T pp. 189, 219). The ALJ issued an unfavorable decision on February 26, 2005. (T pp. 223-28).

Plaintiff requested review and the Appeals Council reviewed and remanded the case. (T pp. 237-38). After the supplemental hearing, the ALJ issued an unfavorable decision on May 16, 2006. (T pp. 196-208). Plaintiff requested review again, and the Appeals Council reviewed and remanded the case for further proceedings before a different ALJ. (T p. 301). Following the hearing, the ALJ issued an unfavorable decision on June 14, 2007. (T pp. 16-32). Plaintiff filed a request for review with the Appeals Council, which was denied. (T pp. 11-13).

Plaintiff filed a Complaint in this Court on November 30, 2007, and filed a Motion for Judgment on the Pleadings on April 14, 2008. Defendant filed a Motion for Judgment on the Pleadings on July 1, 2008. A hearing was held in Raleigh, North Carolina, on November 14, 2008. These motions are now ripe for ruling.

II.   DISCUSSION

Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. Regulations establish a five-step sequential evaluation process to be followed when determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520 and 416.920. The ALJ found that: (1) Plaintiff had not engaged in substantial gainful activity since December 1, 2003; (2) that Plaintiff suffered from the severe impairments of degenerative disc disease, depressive disorder, and a history of substance abuse during the relevant period; (3) Plaintiff's impairments

-2-

did not meet or equal in severity any of the listed impairments; (4) Plaintiff could no longer perform his past relevant work, though he could perform a range of light work; and (5) a number of jobs existed in significant numbers in the national economy for Plaintiff, as testified to by the vocational expert ("VE").

The ALJ's findings at step one are not contested. Therefore, the issues are whether the ALJ's determinations at steps two, three, four, and five are supported by substantial evidence and were arrived at via the correct legal standard. At step two, the ALJ considered whether Plaintiff might have any limitations as a result of a mental impairment and later limited Plaintiff to structured and consistent simple, routine, repetitive tasks with minimal interaction with co-workers and supervisors and no contact with the general public. The ALJ also noted that Plaintiff had knee surgery and recovered well.

At step three, the ALJ considered Plaintiff's mental impairments under the B and C criteria in listings 12.02, 12.03, and 12.04 and found that Plaintiff had not met his burden of showing his mental impairments met or equaled the B or C criteria. In determining whether Plaintiff's allegations of pain and restrictions were fully credible, the ALJ compared Plaintiff's subjective complaints with the objective medical evidence, including Plaintiff's failure to seek treatment beyond prescription narcotics for his back pain, and determined that Plaintiff's claims of pain and restrictions were not fully credible. *See Craig v. Chater*, 76 F.2d 1163, 1166 (4th Cir. 1986).

At steps four and five, the ALJ restricted Plaintiff to a range of light work, which was consistent with Plaintiff's admission to Dr. Fernandez that he could lift 50 pounds and Dr. Fernandez's opinion that Plaintiff could stand and walk for six hours and sit four to six hours in

-3-

an eight-hour work day. The ALJ then consulted a VE to determine if sufficient jobs existed for a person with Plaintiff's capabilities and limitations. The VE identified jobs that number 475,000 nationally and 4,250 regionally, well above the required availability.

For the reasons stated above, the ALJ's determinations at steps two, three, four, and five are all supported by substantial evidence and arrived at via the appropriate legal standards. Thus, Defendant's Motion for Judgment on the Pleadings is GRANTED, the ALJ's decision is AFFIRMED, and Plaintiff's Motion for Judgment on the Pleadings is MOOT.

SO ORDERED, this **30** day of December 2008.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

Case 5:07-cv-00456-BO   Document 27   Filed 12/31/08   Page 4 of 4